UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DR. GARY LLOYD REASOR                                       PLAINTIFF

vs.                                        CIVIL ACTION NO. 3:19-CV-27-CRS

WALMART STORES EAST, L.P.,                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motion for partial summary judgment, DN 20, and motion to stay discovery, DN 21, by Defendant. For the following reasons, Defendant's motion for partial summary judgment, DN 20, will be GRANTED, and Defendant's motion to stay discovery, DN 21, will be DENIED AS MOOT.

**I. Background**

Dr. Gary Reasor ("Dr. Reasor" or "Plaintiff") is a board-certified anesthesiologist who concentrates his work on pain management. DN 1-1, p. 3. As part of his medical practice, Dr. Reasor prescribes opioids and other controlled substances to his patients. *Id*. at 4. Walmart Stores East, L.P. ("Defendant" or "Walmart") is a Delaware corporation that operates pharmacies in the Louisville region. DN 2, p. 2. Plaintiff alleges that in July or August of 2018, Defendant directed its stores in the Louisville region to stop filling prescriptions issued by Plaintiff. DN 1-1, p. 4. Plaintiff further alleges that "Customers seeking to fill said prescriptions were told "things such as 'This doctor is under investigation,' and 'We are no longer allowed to fill his prescriptions.'" *Id*.

On December 10, 2018, Plaintiff sued Defendant in Kentucky State Court.[1] Count One alleges "actions and statements of the Defendant were published to third parties and were

---
[1] On January 10, 2019, Defendant removed the action to federal court based on diversity jurisdiction. DN 1, p. 1.

defamatory per se." DN 1-1, p. 5. Count Two alleges "the conduct of the Plaintiff invaded the good name and privacy of the Plaintiff and cast him in a false light in his community." *Id*. Count Three alleges "The Defendant published the defamatory information regarding Reasor with reckless disregard of the probability that doing so would cause emotional distress to the Plaintiff." *Id*. at 6. According to the complaint, three allegations serve as the basis for Plaintiff's claims: (1) Defendant's refusal to fill prescriptions, (2) Defendant's statement[2] that Walmart pharmacies were "not allowed to" fill Plaintiff's prescriptions, and (3) Defendant's statement that Plaintiff was "under investigation" ("or some similar or substantively similar explanation").

On July 3, 2019, Defendant filed a motion for partial summary judgment on Plaintiff's first two allegations: "Walmart's refusal to fill prescriptions by Plaintiff" and "any communication of that refusal to patients." DN 20-1, p. 1. Defendant styles these allegations as Plaintiff's "prescription refusal defamation claim." *Id*. Defendant asserts that "Walmart's refusal to fill prescriptions written by Plaintiff is not actionable" and "any communication of that refusal to patients is not defamatory … and is otherwise protected under a qualified privilege." *Id*.

## II. Legal standard

A party moving for summary judgment must demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 263 (1986). An

---

[2] In his complaint, Dr. Reasor does not allege who made the defamatory statements. Instead, he uses the passive voice ("Customers seeking to fill said prescriptions were told various untruthful things…."). DN 1-1, p. 4. For the purposes of summary judgment, and viewing the evidence in the light most favorable to Plaintiff, the Court will attribute these alleged statements to Defendant.

issue of material fact is genuine if a rational fact-finder could find in favor of either party on the issue. *Id.* at 248.

In undertaking this analysis, the Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The party moving for summary judgment bears the burden of establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). They can meet this burden by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the … presence of a genuine dispute." Fed. R. Civ. P. 56 (c)(1). This burden can also be met by demonstrating that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Summary judgment should not ordinarily be granted before discovery is completed." *Smith v. Freland*, 954 F.2d 343, 348 (6th Cir. 1992). However, summary judgment prior to the close of discovery may be appropriate if, in opposing a motion for summary judgment, a party fails to submit an affidavit under Federal Rule of Civil Procedure 56(f) stating why the party cannot present "facts essential to justify the party's opposition." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995).

**III. Discussion**

**A. Defendant's refusal to fill prescriptions from Dr. Reasor**

Defendant's refusal to fill prescriptions written by Dr. Reasor was not defamatory because the action of not filling prescriptions does not meet the prima facie elements of defamation. Defamation is "mak[ing] a false statement about someone to a third person in such a way as to harm the reputation of the person spoken of." *Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276, 286 (Ky. 2014). To establish a claim for defamation, Plaintiff must prove the following elements: (1)

3

Defendant used defamatory language, (2) about Plaintiff, (3) which was published, and (4) which caused injury to reputation. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004) (overruled on other grounds by *Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014)). "[D]efamatory language is broadly construed as language that 'tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" *Id.* Defamatory words must be construed in their most natural meaning and in the sense in which they would be understood by those to whom they were addressed. *Digest Pub. Co. v. Perry Pub. Co.*, 284 S.W.2d 832, 834 (Ky. App. 1955). Defamatory statements should also be measured by the "natural and probable effect on the mind of the average reader." *Stringer*, 151 S.W.3d at 793.

Here, Defendant's refusal to fill prescriptions from Plaintiff cannot be defamatory because it does not meet the first prima facie element of defamation. Plaintiff's argument that "the very practice of not filling [Dr. Reasor's] prescriptions implied that Plaintiff was "in trouble" or "under investigation" is without merit because the action of not filling a prescription is not "defamatory language." DN 22, p. 3. Some state courts have found that defamation actions may be brought for non-verbal communications when circumstances so justify. *See, e.g.*, *Bennett v. Norban*, 396 Pa. 94, 151 A.2d 476 (1959) (finding that when plaintiff was accosted and searched in the street outside a store by the store's employees, the nonverbal conduct was capable of defamatory meaning). However, Plaintiff has failed to provide the Court with any Kentucky case law establishing that an action, like the refusal to fill a prescription, can form the basis of a defamation claim. *Cf. Sequeira v. Gate Safe, Inc.*, Civil Action No. 16-24542-Civ, 2017 U.S. Dist. LEXIS 179445, at *7 (S.D. Fla. Oct. 27, 2017) (dismissing a claim for defamation based on nonverbal actions because the plaintiff failed to produce any case law supporting such a cause of action).

Even if this Court were to accept that some non-verbal actions can be defamatory under Kentucky law, summary judgment is appropriate here because Plaintiff has not demonstrated that Defendant's failure to fill a prescription has a defamatory implication. A case from the District of D.C. is instructive. *Gaujacq v. Electricite De Fr. Int'l N. Am., Inc.*, 572 F. Supp. 2d 79 (D.D.C. 2008). In *Gaujacq*, a defendant employer removed a plaintiff employee from her position as a president with the company, and announced to the employee's coworkers that the plaintiff was no longer allowed to sign checks; defendant also voided two checks that the plaintiff had already signed. *Id*. at 94. The plaintiff alleged that the action of voiding the already signed checks constituted defamation. *Id*. The court granted summary judgment in favor of the employer on that limited defamation claim because the plaintiff failed to show that the defendant's actions had a defamatory implication. *Id*. The court found that the action of voiding two checks "show[ed] only that she was treated as an employee whose responsibilities had changed." *Id*. Similarly in the instant case, Defendant's refusal to fill prescriptions from Plaintiff shows only that Defendant is not filling Plaintiff's prescriptions. This is not defamatory.

Plaintiff argues that the failure to fill his patient's prescriptions necessarily imputed illegal conduct because pharmacists are required to fill prescriptions "unless the Pharmacist has reason to know of some irregularity with the prescription." DN 22, p. 8. This is a misunderstanding of Kentucky law. Although 21 CFR 1306.04 *prohibits* pharmacists from knowingly filling prescriptions "issued not in the usual course of professional treatment," the law does not create an *affirmative* duty to fill prescriptions in the absence of such "red flags." DN 22, p. 8 ("None of these "red flags" have any association with the practices of Plaintiff, i.e. there were no "red flags."). In this case, the pharmacist's refusal to fill a prescription was not, in itself, "language" or a "statement" of anything at all. No rational finder of fact could find that by declining to fill a

5

prescription, Defendant communicated to patients that Dr. Reasor was a person "involved in criminal activity." DN 12, p. 3. To hold otherwise would make all pharmacists who do not fill prescriptions for any reason (e.g. illegible handwriting, lack of inventory, sincerely held religious beliefs, or the recognition of a potential harmful drug interaction) subject to prima facie defamation claims. Accordingly, Walmart's refusal to fill prescriptions written by Plaintiff cannot give rise to a defamation claim.

### B. Statement that Walmart was "no longer allowed to fill [Defendant's] prescriptions"

Defendant's statement that "we are no longer allowed to fill his prescriptions" is not defamatory for two reasons. First, the statement was, by Plaintiff's own admission, true. Second, even if the statement were defamatory, it was protected by qualified privilege.

#### 1. Truth as a defense

Defendant's statement is not defamatory because it is true. "[I]t is beyond dispute that in [Kentucky], truth is a complete defense, and thus a defendant able to prove the truth of the defamatory statement at issue cannot be held liable for defamation." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 795-96 (Ky. 2004) (internal quotation marks and citations omitted). In his complaint, Plaintiff states "about this time, viz August 8, 2018, a letter from the Defendant was directed to the Plaintiff indicating that his prescriptions for controlled substances would no longer be honored." DN 1-1, p. 4. By Plaintiff's own admission, Defendant's statement that he or she was "no longer allowed" to fill Plaintiff's prescriptions was true. Consequently, Plaintiff cannot demonstrate any genuine issue of material fact supporting the claim that Defendant employee's statement was defamatory. *Cf. Goulmamine v. CVS Pharmacy, Inc.*, 138 F. Supp. 3d 652, 662 (E.D. Va. 2015) (holding that employee statements like "CVS will not fill Dr. Goulmamine's prescriptions" were not actionable because they were truthful and non-defamatory).

6

### 2. Qualified privilege

Walmart's verbalization of its refusal to fill prescriptions from Dr. Reasor is privileged. A qualified privilege exists "where the communication is one in which the party has an interest and it is made to another having a corresponding interest ... if [the communication] is made in good faith and without actual malice." *Stringer*, 151 S.W.3d at 796 (citations and quotations omitted). The existence of a privilege is a question of law and is not a question of fact for the jury. *Id.* Once a qualified privilege has been asserted, the burden rests on the plaintiff to prove actual malice or abuse of the qualified privilege. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 797 (Ky. 2004) ("In effect, the existence of a qualified privilege merely places a 'technical burden of proof' regarding malice upon the plaintiff.").

Here, Defendant had a vested interest in notifying patients whether Walmart pharmacies would fill Dr. Reiser's prescriptions, and patients had a common interest in knowing whether their prescriptions would be filled. To defeat qualified privilege, a Plaintiff must demonstrate either (1) the defendant knew what it was saying was false or it acted with reckless disregard as to whether the statement was true or false or (2) the defendant made a defamatory statement with actual malice. *McCall*, 623 S.W.2d at 885. Plaintiff cannot prevail under the first prong because, as discussed above, the statement made was both non-defamatory and true. Plaintiff cannot prevail under the second prong because Plaintiff has not demonstrated, or even alleged, that Defendant acted with actual malice—in either its refusal to fill prescriptions or in its communication of that refusal to Plaintiff's patients. Therefore, Defendant's alleged statement that Walmart pharmacists were "not allowed" to fill Plaintiff's prescriptions is privileged.

### C. Plaintiff's false light claim

Plaintiff argues that his prescription refusal claims should survive summary judgment because he has pled a prima facie case for "defamation per se—false light doctrine." DN 22, p. 4. Plaintiff asserts "the cause of action known as invasion of privacy is a species of defamation which is present given the stated facts." DN 22, p. 6. Plaintiff states that Defendant's refusal to fill prescriptions, and the communication of that refusal to patients, "cast the Plaintiff in a false light." DN 22, p. 6. Plaintiff also alleges "Defendant has acted in reckless disregard of the truth toward Plaintiff without ever having contacted him regarding the issues." *Id*.

Even accepting Plaintiff's allegations as true, Plaintiff's false light claim is without merit because the Defendant's allegedly defamatory statements were oral. Kentucky law does not recognize a claim for invasion of privacy based on oral statements. *McCall v. Courier Journal & Louisville Times Co.*, 623 S.W.2d 882, 887 (Ky. 1981). ("right of privacy does not prohibit ... statements which are oral"). Accordingly, Plaintiff's false light claim based on Defendant's statement that it was "not allowed to" fill his prescriptions fail as a matter of law. *See Dukes v. Mid-Eastern Ath. Conference*, 213 F. Supp. 3d 878, 884 (W.D. Ky. 2016) (granting judgment on the pleadings for the defendant because the false light claim was based on oral statements).

### D. Summary judgment prior to the completion of discovery

Summary judgment on these claims, before the completion of discovery, is appropriate because the questions presented are legal questions upon which additional discovery would have no bearing. The Court may issue summary judgment on purely legal questions, even before discovery is complete. *Toms v. Taft*, 338 F.3d 519, 523 (6th Cir. 2003) ("[T]he district court did not abuse its discretion by granting summary judgment before discovery had commenced. The basis for the district court's decision was … a purely legal question."). The non-movant bears the

obligation to inform the district court of its need for discovery. *Moore v. Shelby Cty.*, 718 F. App'x 315, 319 (6th Cir. 2017). In the instant case, Plaintiff has failed to carry his burden of demonstrating how additional discovery would affect the questions of law presented in Defendant's motion for partial summary judgment.

### 1. Prescription refusal

Although Dr. Reasor cites various areas he would still like to investigate through discovery, such as the underlying reason for Walmart's refusal to honor his prescriptions, this information does not bear on the dispositive question of whether the refusal to fill a prescription can constitute "defamatory language" under Kentucky law. As a matter of law, refusal to fill a prescription cannot constitute defamation. Therefore, summary judgment is proper.

### 2. Statement that Walmart was not "allowed to" fill Plaintiff's prescriptions

Similarly, whether Defendant's statement that Walmart was "no longer allowed to fill [Dr. Reasor's] prescriptions" is actionable is also legal question upon which additional discovery would have no bearing. In Kentucky, the determination of the existence of a privilege is a matter of law to be decided by the court. *Clark v. Teamsters Local Union 651*, 349 F.Supp.3d 605, 624 (E.D. Ky. 2018). Plaintiff fails to submit an affidavit under Federal Rule of Civil Procedure 56(f) stating why Dr. Reasor cannot present "facts essential to justify the party's opposition." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995). No additional discovery would affect the Court's analysis of whether Defendant's statement that Walmart was "no longer allowed to fill [Dr. Reasor's] prescriptions" is actionable. Therefore, summary judgment is proper.

### E. Summary judgment's effect on Plaintiff's remaining claims

Although Plaintiff's prescription refusal claims are not actionable by themselves, they may provide important context for any remaining claims. This is because alleged defamatory

9

statements "should be construed as a whole" *Yancey v. Hamilton*, 786 S.W.2d 854, 857 (Ky. 1989). Defendant specifically limited its motion for summary judgment to Plaintiff's "prescription refusal claim." *See* DN 20-1, p. 2 ("The present Motion addresses only the former category of alleged defamatory acts and statements which, as a matter of law, cannot give rise to or state a claim upon which relief can be granted."). Therefore, while the prescription refusal claims are not actionable, nothing in this order precludes their use as context to support Plaintiff's remaining claims (e.g. "Dr. Reasor was in trouble," DN 22-4, p. 1, or "under investigation," DN 1-1, p. 4).

### F. Defendant's motion to stay discovery

Because the Court will grant Defendant's motion for partial summary judgment, Defendant's motion to stay discovery on those issues will be denied as moot.

## VI. Conclusion

Motions having been made and for the reasons set forth herein and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff's motion for partial summary judgment, (DN 20), is **GRANTED,** and Plaintiff's motion to stay discovery, (DN 21), is **DENIED AS MOOT**.