UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DR. GARY LLOYD REASOR**                                                                        **PLAINTIFF**

vs.                                                             **CIVIL ACTION NO. 3:19-CV-27-CRS**

**WALMART STORES EAST, L.P.,**                                      **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court on Defendant's motion for summary judgment. DN 45. For the following reasons, Defendant's motion will be granted.

### I. Background

Doctor Gary Reasor ("Plaintiff" or "Dr. Reasor") is a board-certified anesthesiologist. DN 1-1 at 3. As part of his medical practice, Dr. Reasor prescribes opioids and other controlled substances to his patients in the western Kentucky region. *Id*. at 4. Walmart Stores East, L.P. ("Defendant" or "Walmart") is a Delaware corporation that operates pharmacies in the western Kentucky region. DN 2 at 2. On August 8, 2018, Walmart wrote a letter to Plaintiff notifying him that Walmart and Sam's Club pharmacies would not fill prescriptions for schedules II-V controlled substances written by Dr. Reasor. DN 45-2 at 2.

On December 10, 2018, Plaintiff sued Defendant in state court in Kentucky, and on January 10, 2019, Defendant removed the action to federal court. DN 1 at 1. Count One of Plaintiff's suit alleged "actions and statements of the Defendant were published to third parties and were defamatory *per se*." DN 1-1, p. 5. Count Two alleged "the conduct of the Plaintiff invaded the good name and privacy of the Plaintiff and cast him in a false light in his community." *Id*. Count Three alleged "The Defendant published the defamatory information regarding Reasor with

reckless disregard of the probability that doing so would cause emotional distress to the Plaintiff." *Id*. at 6. According to the complaint, three allegations serve as the basis for Plaintiff's claims: (1) Defendant refused to fill prescriptions written by Dr. Reasor, (2) a Walmart employee told Dr. Reasor's patients that the pharmacy was "not allowed to" fill prescriptions written by Dr. Reasor, and (3) a Walmart employee told Dr. Reasor's patients "[t]his doctor is under investigation," "[w]e are no longer allowed to fill his prescriptions," "or some similar or substantively similar explanation." DN 1-1 at 4.

On July 3, 2019, Defendant filed a motion for partial summary judgment on the grounds that "Walmart's refusal to fill prescriptions by Plaintiff" and "any communication of that refusal to patients" ("prescription refusal claims") were not defamatory. DN 20-1 at 1. The Court granted Defendant's motion. DN 38 at 3–7. The Court also found that Plaintiff's false light claim—Count Two of his complaint—failed as a matter of law because "Kentucky law does not recognize a claim for invasion of privacy based on oral statements." *Id*. at 8 (citing *McCall v. Courier Journal & Louisville Times Co*., 623 S.W.2d 882, 887 (Ky. 1981)). Because the remaining claims—Counts One and Three—rise and fall with the determination of whether defamatory statements were actually made, the Court then allowed the case to proceed with discovery based on Plaintiff's allegation that Walmart's employees made defamatory statements. Walmart now moves for summary judgment on Plaintiff's remaining claims. DN 45.

## II. Legal standard

A party moving for summary judgment must demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no

genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 263 (1986). An issue of material fact is genuine if a rational fact-finder could find in favor of either party on the issue. *Id.* at 248.

In undertaking this analysis, the Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The party moving for summary judgment bears the burden of establishing the nonexistence of any issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). They can meet this burden by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the … presence of a genuine dispute." Fed. R. Civ. P. 56 (c)(1). This burden can also be met by demonstrating that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### III. Discussion

Defendant argues summary judgment is appropriate because "Plaintiff has failed to demonstrate that the alleged defamatory statements were actually made" and, even if the statements were made, they are not defamatory as a matter of law. DN 45-1 at 4.

Plaintiff responds that his action is based on the following actions and statements by Defendant's employees and must survive summary judgment because they are defamatory *per se*: (1) statement that Dr. Reasor was "under investigation" (2) statement that Dr. Reasor was "in trouble," (3) statement that Dr. Reasor was on a "list," (4) Defendant's offer of Narcan to "everyone who was on pain medication," (5) and Defendant's refusal to fill prescriptions written by Dr. Reasor. DN 46. These actions and statements are not defamatory *per se,* and will be dismissed.

3

Defamation is "mak[ing] a false statement about someone to a third person in such a way as to harm the reputation of the person spoken of." *Toler v. Sud-Chemie, Inc.*, 458 S.W.3d 276, 286 (Ky. 2014). Defamation consists of the following elements: (1) Defendant used defamatory language, (2) about Plaintiff, (3) which was published, and (4) which caused injury to reputation. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004) (overruled on other grounds by *Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014)). Under Kentucky law, there are two types of defamation: defamation *per se* and defamation *per quod*.

Spoken words are defamatory *per se* "only if they impute crime, infectious disease, or unfitness to perform duties of office, or tend to disinherit." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 795 (Ky. 2004) (quoting *Courier Journal Co. v. Noble*, 251 Ky. 527, 65 S.W.2d 703, 703 (1933)). When statements are defamatory *per se*, recovery is permitted without proof of special damages "because injury to reputation is presumed and the words are actionable on their face." *Doe v. Coleman*, 497 S.W.3d 740, 757 (Ky. 2016) (citations omitted).

"All other spoken words are slanderous *per quod* and require affirmative proof of special damages, such as actual injury to reputation." *Charalambakis v. Asbury Coll.*, No. 2012-CA-000242-MR, 2014 Ky. App. Unpub. LEXIS 831, at *24 (Ct. App. Jan. 31, 2014) (citing *Stringer*, 151 S.W.3d at 795. Defamatory statements are slanderous *per quod* when they "require 'proof of extrinsic facts or explanatory circumstances.'" *Stringer*, 151 S.W.3d at 794 (quoting DAVID A. ELDER, KENTUCKY TORT LAW: DEFAMATION AND THE RIGHT OF PRIVACY, § 1.07(A) at 40 (1983)).

The distinction between defamation *per se* and defamation *per quod* is particularly important in the instant case because Plaintiff only alleges "the actions and statements of the Defendant were…defamatory *per se*." DN 1-1 at 5. Plaintiff has not pled defamation *per quod* or

demonstrated the existence of any special damages. Therefore, any actions or statements by Defendant that are not defamatory on their face and require the demonstration of "extrinsic facts or explanatory circumstances" fail as a matter of law.

### 1. "Under Investigation"

In his complaint, Dr. Reasor alleges Walmart defamed him by telling his patients "various untruthful things such as 'This doctor is under investigation'…or some similar or substantively similar explanation." DN 1-1 at 4. Plaintiff's claims based on this or similar statements fail as a matter of law because (1) there is insufficient evidence that such statements were ever made and (2) even if such statements were made, Dr. Reasor was "under investigation."

In his response to the instant motion for summary judgment, Dr. Reasor cites the affidavit of his patient, Tina DeSpain, to support his claim that Walmart told patients he was "under investigation." DN 4 at 1. However, this Court finds no such allegation in Ms. DeSpain's affidavit. DN 22-4 at 1–2. From the Court's review of the record, the only patient who alleges to have been told explicitly that Dr. Reasor was "under investigation" is Caryn Kirk-Berry, but even Kirk-Berry's testimony is inconclusive. During Kirk-Berry's deposition, Counsel for Walmart asked if Defendant's employees "said anything like 'he's under investigation.'" DN 45-5 at 3. Kirk-Berry responded "[n]o." *Id*. However, when asked about a signed document[1] wherein Kirk-Berry allegedly stated "I was told by Walmart Pharmacy that they could not fill my prescription of oral pain medication because Dr. Gary Reasor was under investigation," Kirk-Berry said "I had to have said that or I wouldn't have signed it though. Why would I sign it if I hadn't said that?" *Id*. The Court finds that such scant evidence, particularly in the absence of the alleged signed statement, cannot support a finding that such a statement was actually made.

---

[1] The Court finds no such document in the record.

5

Furthermore, even if Defendant's employee did tell Kirk-Berry that Dr. Reasor was under investigation, Plaintiff's claim fails because Dr. Reasor was, in fact, under investigation. "[I]t is beyond dispute" that in Kentucky, "truth is a complete defense, and thus a defendant able to prove the truth of the defamatory statement at issue cannot be held liable for defamation." *Stringer,* 151 S.W.3d at 795–96 (internal quotation marks and citations omitted).

On August 3, 2018, one of Defendant's patients faxed a complaint against Dr. Reasor to the Kentucky Board of Medical Licensure (KBML) alleging Reasor's treatment was "unprofessional, rude, and incomplete." DN 45-12 at 3. On August 17, 2018 Dr. Michael S. Rodman, Executive Director of the KBML, sent a memorandum to the KBML inquiry panel regarding the patient's complaint. DN 45-4 at 2. The subject line of Dr. Rodman's memorandum states, in part, "Investigation Initiated: 8/7/2018." *Id*. Two months after Dr. Rodman sent this memorandum, the inquiry panel concluded "there was no evidence of a violation of the Medical Practice Act and no further action was necessary." DN 45-14 at 2. In his deposition testimony, Dr. Reasor himself described the actions taken by the KBML in response to patient complaints like this as "investigations." DN 45-3 at 5 ("basically when that happens, the board sends you a copy of the complaint and asks you to respond in so many days, and then they do the investigation.").

Plaintiff's office manager, Christian Stayton, testified that the office first learned that Walmart was no longer filling prescriptions for controlled substances written by Dr. Reasor on August 10, 2018—three days after Dr. Rodman documented an "investigation" had been initiated and almost two months before the inquiry panel decided no further action was necessary. DN 45-16 at 3. Therefore, Defendant's statement that Dr. Reasor was "under investigation" was true and, therefore, not defamatory.

Plaintiff does not dispute that he was under investigation at the time the statement was made, but instead argues the statement was defamatory because the "implication conferred that Plaintiff was in any way in violation of professional standards." DN 46 at 9. Plaintiff provides no legal support for the proposition that true statements may nevertheless be defamatory if the "implication" of the true statement is that the defamed person had violated professional standards. Furthermore, any argument that the "under investigation" comment implied the violation of professional standards would require reference to extrinsic facts or explanatory circumstances. At best, Walmart's alleged statement was defamatory *per quod* and, consequently, would require Plaintiff to demonstrate the existence of special damages. As Dr. Reasor has failed to plead defamation *per quod* or demonstrate any special damages, any claims that he was defamed based on the statement that he was "under investigation" fail as a matter of law. *See Charalambakis v. Asbury Coll.*, No. 2012-CA-000242-MR, 2014 Ky. App. Unpub. LEXIS 831, at *24 (Ct. App. Jan. 31, 2014) (finding that "[i]n the absence of any proof of special damages," the plaintiff's defamation *per quod* claims "were properly dismissed").

### 2. "In Trouble"

Dr. Reasor alleges Walmart defamed him because one of its employees stated he was "in trouble." DN 22 at 3. Plaintiff's argument is without merit.

Although Defendant alleges "many" patients heard Defendant's employees state Dr. Reasor was "in trouble," the record indicates only one patient has made such an allegation. DN 22 at 12. In a sworn affidavit, Dr. Reasor's patient Tina DeSpain claims a Walmart pharmacy employee "indicated that Dr. Reasor was in trouble and that they will never fill his pain prescriptions again." *Id*.

Defendant challenges the sufficiency of Plaintiff's evidence that the statement was ever made on the grounds that DeSpain provided conflicting testimony during her deposition. DN 45-1 at 5. During her deposition, Counsel for Walmart asked DeSpain about the day Walmart's pharmacy refused to fill her Lortab prescription. DN 45-6 at 4. DeSpain responded, in relevant part, that a Walmart employee told her "they cannot fill that prescription no more and indefinitely; that trouble – there was some trouble, and she did not say no more." DN 45-6 at 4. Walmart's counsel followed up by asking "and you said that the person said 'there was trouble.' Is that a quote or are you paraphrasing?" *Id*. at 5. DeSpain responded "No. That's what she said." *Id*. Moments later, Walmart's counsel asked "Did you assume by the fact that Walmart wouldn't fill the prescription that he was in trouble, or do you have specific [sic] recollection of her saying that he was in trouble?" *Id*. at 6. DeSpain responded, "I just presumed he was in – in trouble and something was wrong if they wouldn't fill the prescription. And she said that they – you know, that he was in trouble." *Id*. Counsel asked a fourth time "They said to you Dr. Reasor was in trouble?" to which DeSpain responded "[y]es." *Id*.

At best, DeSpain's deposition is ambiguous as to whether the employee told her Dr. Reasor was "in trouble," that there "was trouble," or whether DeSpain assumed Dr. Reasor was "in trouble." However, viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has presented sufficient evidence to demonstrate a genuine issue of material fact as to whether Defendant's employee said Dr. Reasor was "in trouble." Regardless, Plaintiff's claim fails because, even if Defendant made such a statement, the statement was not defamatory *per se*.

As the Court has already discussed, spoken words are defamatory *per se* "only if they impute crime, infectious disease, or unfitness to perform duties of office, or tend to disinherit."

8

*Stringer*, 151 S.W.3d at 795 (quoting *Courier Journal Co.*, 251 Ky. 527, 65 S.W.2d at 703).

Plaintiff argues:

> "[t]here is no question that the allegations against the Plaintiff made by Defendant's employees stated or implied that the Plaintiff was in professional trouble. This was false. Further, the implied and express impression that he was in trouble with the regulating agencies does tend to expose him to public hatred and contempt. Thus, they are defamation *per se*."

DN 22 at 5. Plaintiff's argument is without merit.

Stating that Dr. Reasor was "in trouble" does not, on its face, impute crime infectious disease, or unfitness to perform duties of public office. *See Blocker v. Wells Fargo Bank*, No. CV 08-1196-PK, 2010 U.S. Dist. LEXIS 142501, at *37 (D. Or. Nov. 23, 2010) (finding that a bank employee's statement that its customer was "'in big trouble' was not itself defamatory"). Scilicet, DeSpain does not allege a Walmart employee told her that Dr. Reasor was "in professional trouble" nor that he was "in trouble with the regulating agencies" as argued by Dr. Reasor. One can only arrive at a defamatory meaning to the statement that Dr. Reasor was "in trouble" by applying extrinsic facts and circumstances. In fact, Dr. Reasor makes such an argument in his response:

> The statements made to Plaintiff's patients were injurious to his professional reputation, not to mention very humiliating. This is especially true in a world where opiate abuse is in the daily news and where unethical practitioners have been professionally and criminally sanctioned because they did not follow professional standards in prescribing such controlled substances.

DN 46 at 11. Therefore, Plaintiff's argument is that the statement was defamatory *per quod*, not defamatory *per se*, and Dr. Reasor must demonstrate the existence of special damages to survive summary judgment. As Plaintiff has not pled defamation *per quod,* nor has he demonstrated the existence of any special damages, any claims based on the statement that he was "in trouble" fail as a matter of law.

9

### 3. Narcan

Plaintiff alleges Walmart's pharmacy offered Narcan to one of Dr. Reasor's patients after refusing to fill her prescription that was signed by Dr. Reasor. DN 46 at 5. Plaintiff argues that this offer of Narcan was defamatory *per se*. *Id*. Plaintiff's argument is without merit.

In her deposition, patient Stephanie Raymond alleges Walmart's pharmacy offered Narcan to "everyone who was on pain medication" whose prescription refills had been refused. *Id*. Plaintiff argues this offer of Narcan was defamatory because it "implied that Plaintiff had gotten the patient addicted to pain medication and that the patient needed another physician to manage their condition." *Id*. Plaintiff's argument fails as a matter of law because the offer of Narcan was not defamatory *per se*.

Narcan, a brand name version of naloxone HCl, is an FDA approved nasal spray that may be used for emergency treatment of opioid overdose. *See* https://www.narcan.com/ (accessed May 20, 2020). Narcan is designed to be administered without medical training and may be obtained from a pharmacist without a doctor's prescription. *Id*.

Walmart's alleged offer of Narcan to Stephanie Raymond is not defamatory *per se* because it does not "impute crime, infectious disease, or unfitness to perform duties of office, or tend to disinherit him[.]" *Stringer*, 151 S.W.3d at 795 (quoting *Courier Journal Co.* 251 Ky. 527, 65 S.W.2d at 703). To arrive at any potentially defamatory meaning, one would have to proceed through a series of attenuated assumptions argued by Dr. Reasor:

> This [offer of Narcan] *implied* that Plaintiff had gotten the patient addicted to pain medication and that the patient needed another physician to manage their condition. Such language more than *insinuates* that the Plaintiff was mismanaging the patient, which he was not, and does not follow the policy of Defendant.

DN 46 at 5 (emphasis added).

First of all, such implications and insinuations are unreasonable because Narcan "is not approved to treat opioid addiction or dependency" and is recommended by its manufacturer to be in any home that contains prescription opioids in case of an overdose. https://www.narcan.com/patients/what-is-an-opioid-overdose-emergency/ (accessed May 20, 2020). Furthermore, Plaintiff assumes his patient would have some reason to know that Dr. Reasor "does not follow the policy of Defendant"—a policy Dr. Reasor himself did not know existed until after the completion of discovery in this action. The Court finds that the reasonable hearer would not interpret the offer of Narcan to have a defamatory meaning and notes that Ms. Raymond herself simply describes Walmart's offer as "kind of weird." DN 46 at 5; *see McCall v. Courier-Journal & Louisville Times Co.*, 623 S.W.2d 882, 884 (Ky. 1981) ("The alleged defamatory words must be measured by their natural and probable effect on the mind of the average lay reader and not be subjected to the critical analysis of the legal mind.").

Even if Dr. Reasor could prove the offer of Narcan had a defamatory meaning, doing so would require the use of "extrinsic evidence of context or circumstances," *Stringer*, 151 S.W.3d at 795. Thus, Walmart's offer of Narcan was, at best, defamatory *per quod*. As Dr. Reasor has made no showing of special damages, any claims based on Walmart's offer of Narcan to Ms. Raymond fail as a matter of law.

### 4. Dr. Reasor's presence on a "list"

Plaintiff argues Walmart defamed him by refusing to fill prescriptions written by Dr. Reasor because he was on a "list." DN 46 at 6. Plaintiff's argument is without merit.

During her deposition, Patient Kirk-Berry stated:

> And I believe I ask them, how long before they would have [my prescription] and she goes, "No, we can't fill these at all.' And I said "Why?" And they said, "Who's your doctor?" And I said, "Dr. Reasor." And they said, "Oh, he's on the list." And I said, "On the list, what does that mean?" You know, I think it made me kind of–

11

>it really scared me because I thought my doctor is no good. What does that mean? And she said, "Well, he's on the list. We can't fill anything from him. He's not the only one, but he – he's on the list."

DN 46-4 at 2.

The statement that Dr. Reasor was on a "list" is not defamatory *per se* because it does not "impute crime, infectious disease, or unfitness to perform duties of office, or tend to disinherit him." *Stringer*, 151 S.W.3d at 795 (quoting *Courier Journal Co.*, 251 Ky. 527, 65 S.W.2d at 703). Kirk-Berry testified that the employee did not make any disparaging remarks or state that Dr. Reasor was under investigation. DN 45-5 at 3. Any defamatory meaning attributed to the statement that Dr. Reasor was on a "list" requires extrinsic evidence of context or circumstance. Thus, this claim can only survive as a claim of defamation *per quod*. As discussed above, Dr. Reasor has made no showing of special damages—an essential element of defamation *per quod*—and any claims based on this statement fail as a matter of law.

### 5. Refusal to fill prescriptions presented by David Allen and Tonya Hall

Plaintiff argues that Walmart's refusal to fill prescriptions presented by patient Tonya Hall constitute defamation *per se* because "no positive conclusion can be gleaned from Defendant's unilateral and unexplained decision to refuse prescriptions from the office of the Plaintiff." DN 46 at 7. Similarly, Plaintiff argues that Walmart's refusal to fill prescriptions presented by patient David Allen constitute defamation *per se* because "Patient Allen, like any person, assumed that Plaintiff was being investigated or was being disciplined in some way." DN 46 at 6. Plaintiff's arguments are without merit. DN 38.

In its previous ruling, this Court already held that "Walmart's refusal to fill prescriptions by Plaintiff" and "any communication of that refusal to patients" were not defamatory as a matter of law. DN 20-1 at 1. Here, Plaintiff attempts to resurrect his already dismissed prescription refusal claims, and his arguments fail as a matter of law.

Dr. Reasor has failed to present specific facts proving that a genuine factual issue exists as to whether Defendant committed defamation *per se*. No portion of the record cited by Plaintiff, demonstrates the essential elements necessary to support Plaintiff's claims. Accordingly, the Court finds that there is no genuine issue for trial.

### IV. Conclusion

For the reasons stated above, the Court will grant Defendant's motion for summary judgment. DN 45. A separate order will be entered this date in accordance with this memorandum opinion.

June 3, 2020

Charles R. Simpson III, Senior Judge
United States District Court